UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------X

YELENA GALPER,

Plaintiff,

13 Civ. 3449

-against-

OPINION

JPMORGAN CHASE BANK, N.A.,

Defendant.

--------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/30/16

A P P E A R A N C E S:

Attorneys for Plaintiff

CREIZMAN PLLC
565 Fifth Avenue, 7th Floor
New York, NY 10012
By: Eric M. Creizman, Esq.
Caroline J. Polisi, Esq.

Attorneys for Defendant

LEVI LUBARSKY FEIGENBAUM & WEISS LLP
655 Third Avenue, 27th Floor
New York, NY 10017
By: Andrea L. Weiss, Esq.

**Sweet, D.J.**

Plaintiff Yelena Galper ("Galper" or the "Plaintiff") has moved pursuant to Rule 39(b) F. R. Civ. P. for a jury trial in her action against JPMorgan Chase Bank, N.A. ("Chase" or the "Defendant"). Upon the conclusions set forth below, the motion is denied.

**Prior Proceedings**

Galper commenced this action in New York Supreme Court, County of New York, on June 6, 2013, asserting claims for identity theft and aiding and abetting identity theft, both in violation of New York's Fair Credit Reporting Act ("FCRA"), N.Y. Gen. Bus. L. §§ 380-1 and 380-s. Defendant JPMorgan Chase Bank, N.A. ("Chase") removed Galper's action from New York State court to federal court on May 22, 2013, and then moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), contending in part that the federal FCRA preempted Galper's claims for identity theft under the New York law. Chase's motion was granted. See Galper v. JP Morgan Chase, N.A., No. 13 CIV. 3449, 2014 WL 1089061 (S.D.N.Y. Mar. 17, 2014). At no time did Galper file a jury

demand. Galper appealed from the district court's dismissal of her claims.

On September 30, 2015, the Second Circuit reversed on the grounds that Galper's Amended Complaint stated claims for identity theft and aiding and abetting identity theft under New York law based on Chase's vicarious liability for its employees' alleged theft of Galper's identity, as distinct from any erroneous or otherwise wrongful actions by Chase in furnishing information to consumer reporting agencies. Galper v. JP Morgan Chase Bank, N.A., 802 F.3d 437 (2d Cir. 2015). The Second Circuit ruled that such a claim of identity theft is not "with respect to" the responsibilities of persons who furnish information to consumer reporting agencies, and is therefore not preempted by 15 U.S.C. § 1681t(b)(1)(F). Id. at 446.

The mandate remanding the action was issued on November 2, 2015. ECF No. 43.

On December 17, 2015, Chase served its Answer to the Amended Complaint. ECF No. 51. Plaintiff did not serve a jury demand. The March 17, 2016 Scheduling Order (the "Scheduling Order") noted that the parties disputed Plaintiff's entitlement to a jury. ECF No. 59.

The instant motion was heard and marked fully submitted on May 19, 2016.

**Removal Does Not Excuse Failure to Demand a Jury**

Rule 81(c)(3) of the Federal Rules of Civil Procedure governs jury demands in cases removed to federal court, and applies in three specific situations: (i) where a party has "expressly demanded" a jury trial in accordance with state law prior to removal; (ii) where the pertinent state law does not require an express demand for a jury trial; and (iii) where all necessary pleadings have been served at the time of removal. Fed R. Civ. P. 38(c)(3); Cascone v. Ortho Pharmaceutical Corp., 702 F.2d 389, 391 (2d Cir. 1983).

This case does not fall into any of the specific categories delineated in Rule 81(c). Although New York Civil Practice Law and Rules ("CPLR") require a party to affirmatively demand a jury trial, that demand must be made in the "note of issue," or for the receiving party, within fifteen days of service of the note of issue. CPLR § 4102(a). Because no time is specified for the filing of the note of issue, a party may request a jury up until the point at which a case is actually ready for trial.

Turkenitz v. Metromotion, Inc., No. 97 Civ. 2513, 1997 WL 773713 at *5, *10 (S.D.N.Y. Dec. 12, 1997).

According to the Plaintiff,

> "the Second Circuit has instructed that this discretionary standard should also apply to jury demands in removed cases. See Higgins v. Boeing Co., 526 F.2d 1004, 1007 (2d Cir.1975); see also Reliance Elec., 932 F. Supp. at 103; *Sinnott*, 1992 WL 142050 at *2. . . . Under Rule 39(b), the court may, on motion, order a jury trial on any issue for which a jury might have been demanded. District courts thus have enormous discretion to order a jury trial even where a demand may have been untimely. See, e.g., Cascone, 702 F.2d at 392."

Pl. Mem. in Supp. at 4.

The Plaintiff has noted that Chase has not set forth any prejudice arising from the requested grant of a jury trial. Chase has pointed out that the Plaintiff has not set forth any basis for the grant beyond "mere inadvertence," noting that counsel for the Plaintiff is an experienced federal court practitioner. The issue thus boils down to whether or not in a removed personal injury case to obtain grant of a jury trial something more than "mere inadvertence" must be shown.

Jury demands in federal court are governed by Rule 38, which requires that a party serve the other parties with a written jury demand no later than 14 days after the last

pleading directed to the issue is served. Fed. R. Civ. P. 38(b)(1). "The last pleading is . . . generally an answer to a complaint or a reply to a counterclaim." Mt. Hawley Ins. Co. v. Van Cortlandt Vill. LLC, No. 08 CV 10414, 2010 WL 2290813, at *2 (S.D.N.Y. June 1, 2010) (internal quotation marks and citation omitted). Failure to timely serve the demand constitutes a waiver of the right to a jury. Fed. R. Civ. P. 38(d). While a district court has some discretion pursuant to Rule 39(b), to grant a motion for a jury trial where a timely demand was not made, a party seeking such relief must, at a minimum, make a "showing beyond mere inadvertence" in order to justify relief. Noonan v. Cunard S.S. Co., 375 F.2d 69, 70 (2d Cir. 1967) (emphasis in original); see also Galella v. Onassis, 487 F.2d 986, 996-97 (2d Cir. 1973) (affirming denial of jury trial in removed case where counsel inadvertently failed to make a timely demand, stating "any other decision would have been reversible error.").

Rule 81(c)(3) excuses a Rule 38(b)(1) jury demand in three circumstances which exceptions are inapplicable because: (i) Plaintiff did not make a jury demand before the case was removed; (ii) the answer, a necessary pleading, had not been served at the time of removal; and (iii) New York does in fact require that a jury demand be served, albeit later in the

proceedings, when the "note of issue is filed." N.Y. C.P.L.R. § 4102(a). Accordingly, Rule 38(b)(1) applies here.

Relying principally on Higgins v. Boeing Co., 526 F.2d 1004 (2d Cir. 1975), Plaintiff contends that because this case was removed, the Court ought to effectively apply New York procedural law to her motion, and rule in her favor as long as there is no prejudice to Chase. Pltf. Mem. at 3-4.

In the later case of Cascone v. Ortho Pharmaceutical Corp., however, the Second Circuit stated that the reason it allowed "some 'play in the joints'" for a late jury demand in a removed case is to "accommodat[e] a removed party who may not be as at ease in the new surroundings imposed upon him." 702 F.2d 389, 392 (2d Cir. 1983). The Cascone court affirmed the district court's exercise of discretion to permit a late jury demand where the court had found that "plaintiff's counsel is essentially a state court practitioner having greater familiarity with New York practice and was admitted to practice in the federal courts" only a year before the case was filed. Id. at 393. It was the fact of counsel's lack of federal court experience, the Court held, that justified a finding "that there was more than inadvertence here." Id. The Court further explicitly stated that Noonan was not overruled and that "[i]ts

holding shall continue to govern cases where it is applicable." Id.

Plaintiff has set forth no basis for relief from her waiver other than the fact that this case was removed, which, she argues, is grounds for the court to exercise a more forgiving (indeed an "enormous[ly]" forgiving) approach to Rules 38 and 39. Pl. Mem. at 2-5. This Court rejected that precise argument in Torchia v. Proctor & Gamble Productions, 89 Civ. 2589, 1989 WL 126065, at *1-2 (S.D.N.Y. Oct. 13, 1989). In Torchia, the defendant removed a personal injury action and filed its answer in federal court on the same day. Plaintiff did not serve a jury demand within the time required (then 10 days). Plaintiff later moved for a jury trial, arguing that her motion fell "'within the Higgins exception' which supports a more flexible exercise of 39(b) discretion in favor of a party seeking a jury trial simply because it 'was a removal from State Court.'" Id. at *1. This Court held that "Higgins . . . required more than merely showing that a case was removed in order for the court to grant a jury trial," and that, as such, her failure to timely serve a jury demand constituted a waiver. Id. Torchia was a personal injury case of the type typically tried to a jury. See id. The Plaintiff has failed to persuade the Court that Torchia was incorrectly decided.

**Conclusion**

Based on the conclusions set forth above, the motion of the Plaintiff for the grant of a jury trial is denied.

It is so ordered.

**New York, NY**
**~~September~~ August 30, 2016**

**ROBERT W. SWEET**
**U.S.D.J.**